**Bizmart Inc. v. Facility Construction Management Inc.**

C.P. of Schuylkill County, no. S-1647-02.

*James C. Oschal,* for plaintiff.
*John B. Lieberman* and *Paul G. Morrissey,* for defendant.

MILLER, *J.,* February 9, 2004—The matter currently before the court for decision is the preliminary objections filed by the plaintiff to the defendant's response to the plaintiff's objection to the defendant's notice of intent to serve subpoena on an expert engineering consultant. The complaint concerns the concrete floor of a 589,818 square foot warehouse that plaintiff paid defendant over $20 million to construct for plaintiff's corporate parent's use. It is averred that shortly after the floor was poured in the summer of 1999 it began, among other things, cracking, spalling and curling. Two issues have been raised by the plaintiff via preliminary objections: one procedural, and the other substantive. The procedural issue concerns the implementation of Pa.R.C.P.

4009.21(d)(1) while the substantive issue concerns the application of Pa.R.C.P. 4003.5(a)(3). We shall discuss the procedural issue first and then the substantive. However, after full review of this matter, we hold that the preliminary objections to the defendant's subpoena are sustained for the ensuing reasons.

Defendant via notice of intent to serve subpoena seeks discovery of an engineering consultant group and one of its associates who had been retained by the plaintiff's corporate parent, OfficeMax. Plaintiff is a wholly owned subsidiary of OfficeMax. An OfficeMax executive contacted and paid the expert to conduct an examination and prepare a report on the concrete floor. A report dated April 15, 2002, was produced during discovery and it is marked as exhibit "A" in the defendant's response to the plaintiff's objection to defendant's notice of intent to serve subpoena. Plaintiff objects to the subpoena asserting that the expert "was retained by legal counsel for plaintiff in anticipation of litigation between plaintiff and defendant." Plaintiff later in the preliminary objections admits that the expert was contacted by an OfficeMax executive rather than counsel on the plaintiff's behalf, whereupon in February of 2002 the professional engineer of the expert engineering consultant group visited the warehouse, examined the floor, and generated the report. The defendant now via subpoena desires to secure further information from the engineering consultant group and the associate who prepared the report. Secondly, plaintiff objects that after having reviewed the expert report with counsel, plaintiff will not call the consulting group or any of its associates at trial. As such, discovery is precluded under Pa.R.C.P. 4003.5(a)(3).

Defendant counters that OfficeMax is not a party and the rule only protects from discovery the facts known or the opinions held by an expert who has been retained or specially employed by *another party* in anticipation of litigation or preparation of trial and who is not expected to be called as a witness at trial. Ergo, the expert is not protected because the corporate parent is not a party even though the plaintiff is a wholly owned subsidiary of the corporate parent who retained and paid the expert on the plaintiff's behalf in anticipation of litigation.

Pa.R.C.P. 1028(a)(2) states that preliminary objections may be filed by any party to any pleading where the pleading fails to conform to law or rule of court. Pa.R.C.P. 4009.21(d)(1) reads in relevant part:

"If objections are received by the party intending to serve the subpoena prior to its service, the subpoena shall not be served. The court upon motion shall rule upon the objections and enter an appropriate order."

Having the facts in mind with regards to the notice of intent to serve subpoena on the expert are important. On November 5, 2003, the defendant served its notice of intent to serve subpoena on the plaintiff's expert. On November 26, 2003, plaintiff filed its objections to defendant's notice. On December 2, 2003, defendant filed a "response" to plaintiff's objections pursuant to Pa.R.C.P. 4009.21. However, neither party motioned the court pursuant to subparagraph (d) of this rule. Plaintiff contends that without a motion, plaintiff's objections stand and the defendant is precluded from serving the subpoena on the expert. Now, rather than presenting its own motion to have the court rule upon its objection to the defendant's notice of intent to serve subpoena, the

plaintiff filed the instant preliminary objections under date of December 23, 2003. Plaintiff asserts it is the objecting party's responsibility to present a motion to rule upon the objection in accordance with Pa.R.C.P. 4009.21(d)(1) at or about the time of filing the objection. As such, plaintiff asks the court to strike defendant's response as procedurally defective and refuse to consider the defendant's arguments cited in the "defendant's response" and supporting memorandum. In the alternative, plaintiff argues that even if this court considers the merits of defendant's response, the court should reject the defendant's argument and sustain plaintiff's objection to the notice of intent to serve subpoena.

Pa.R.C.P. 4009.21(d)(1) does not direct any particular party to file the motion after an objection is lodged thereby implying that either party may praecipe the motion to the court for ruling. This procedure affords either party the flexibility to decide whether they desire to pursue or prevent the discovery after the objections are filed. As such, we hold that the defendant's response to the objections is not improper. But, without a motion, plaintiff is correct that plaintiff's objection precludes discovery of the expert until a motion is presented to the court for ruling. We hold further that the procedural preliminary objection to the defendant's response is without merit, but rather than dismissing the preliminary objections on procedural grounds, we treat the preliminary objections as plaintiff's motion to review its objection to defendant's intent to serve the subpoena. Next, the substantive issue is governed by Pa.R.C.P. 4003.5(a)(3) which reads in relevant part:

"A party may not discover facts known or opinions held by an expert who has been retained or specially employed by *another party* in *anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial* . . . or except on order of court as· to any other expert upon a showing of exceptional circumstances under which it is impracticable for the parties seeking discovery to obtain facts or opinions on the same subject by other means, . . . ." (emphasis added)

The definitional Rule 76 of Pa.R.C.P. does not define "party." The appellate rules also do not define the term "party." However, the note following the definitional rule, Pa.R.A.P. 102, states that the rule is based on a statute, title 42 Pa.C.S. §102, which defines "party" as "a person who commences a matter or against whom relief is sought in a matter. The term includes counsel for such a person who is represented by counsel." A strict reading of the rule precludes the discovery of the expert where the expert has been retained or specifically employed by "another party" in anticipation of litigation when the expert is not expected to be called at trial. The defendant concedes that the expert was retained in anticipation of litigation and that the plaintiff will not call the expert at trial. However, the defendant asserts that since the entity who retained and paid the expert on the plaintiff's behalf is *not a party,* the discovery is permitted. The purpose of the rule is always paramount in determining its application. The rule's purpose is to allow parties the opportunity "to consult freely and openly with experts by minimizing the likelihood that the information provided to an expert and the opinions that the expert forms may be used against any party who obtained or specially

employed the expert." *Goldblum v. Insurance Company of North America,* 11 D.&C.3d 354 (1979). Also, see Standard Pa. Practice, volume 9, §4003.5(a)(7), pp. 205-206. This rationale is also consistent with the aim of Pa.R.C.P. 4003.5(a)(1) of discouraging the lazy litigant from building his or her own case upon the preparation of a more diligent opponent. See Standard Pa. Practice, *supra* at p. 200. In this court's mind, by precluding discovery of an investigating expert not called at trial, the rule may be encouraging expert witness shopping by one with the economic means to find the favorable expert thereby encouraging litigation. However, this latter intent is not discussed by the commentators in Standard Pa. Practice, *supra,* and is usurped by the reasoning enunciated in Standard Pa. Practice and by Judge Wettick in *Goldblum, supra.*

In its objection to the notice to serve subpoena, plaintiff asserts in paragraph 2 of the objection that the expert "was retained by legal counsel" for plaintiff. The defendant in its response denied that plaintiff retained the expert as already discussed. Later in the instant preliminary objections, plaintiff does not reassert that counsel for plaintiff retained the expert. If counsel for plaintiff had retained the expert, then clearly the objection is sustainable because plaintiff's counsel is within the definition of "party" as set forth in the Pennsylvania Rules of Appellate Procedure. However, this averment is *not* set forth in plaintiff's preliminary objections, so we must further analyze the issue.

Given the established purposes for the rule, it appears to this court that a broader reading of the undefined meaning of "party" under the Pennsylvania Rules of Civil

Procedure is appropriate under the circumstances, especially here where the plaintiff is a wholly owned subsidiary of the parent corporation whose executive procured the investigating expert for plaintiff. Arguably, the parent corporate entity in this case, OfficeMax, may be considered a real "party" in interest pursuant to Pa.R.C.P. 2002(b) which provides in relevant part:

"A plaintiff may sue in his or her own name without joining as plaintiff or use-plaintiff any person beneficially interested when such plaintiff . . . (2) is a person with whom or in whose name a contract has been made for the benefit of another."

Plaintiff appears to be a subsidiary corporation whose purpose is to benefit the parent corporation by implementing construction projects such as the one in litigation here for the benefit of its parent corporation. It appears to this court that a broader interpretation of the term "party" is warranted to support the purposes of Pa.R.C.P. 4003.5(a)(3) especially under the unique facts set forth in the pleadings in this case taken in light of the definition of real parties in interest and the exceptions permitted under Pa.R.C.P. 2002(b). Consequently, we enter the following order.

## ORDER

And now, February 9, 2004, pursuant to Pennsylvania Rule of Civil Procedure 4009.21 and 4003.5(a)(3), the plaintiff's preliminary objections to defendant's notice of intent to serve subpoena on I.A. Lewin P.E., and Associates are sustained.